THE STATE OF KANSAS v. C. J. WATSON.

No. 234.

1. VERIFICATION OF INFORMATION — *that facts stated are true and correct, is sufficient.* An affidavit that the facts stated in an information are true and correct, is a positive verification of the information, and sufficient to sustain a warrant issued thereon.

2. INSTRUCTIONS — *examined and held insufficient.* An information which charges the defendant with keeping a place where persons are allowed to resort for the purpose of drinking, and making a loud and boisterous noise in persistent and habitual violation of the statute in that regard, is not sufficient to warrant the court in instructing the jury that they may find the defendant guilty if they find that he kept a place where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage; and it was the duty of the court, upon the request of the defendant, to instruct the jury that they could not find the defendant guilty of maintaining a place where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage.

Appeal from Hamilton District Court. Hon. Wm. Easton Hutchison, Judge. Opinion filed November 19, 1897. *Reversed.*

*Aaron Cole*, for the State.

*A. J. Hoskinson* and *H. F. Mason*, for appellant.

DENNISON, P. J.   On June 3, 1896, an amended information was filed in the District Court of Hamilton County, Kansas, charging C. J. Watson and James Kendall with maintaining a nuisance, contrary to the provisions of the Prohibitory Liquor Law.   The county attorney verified the information by swearing that the facts therein contained were true and correct. A new warrant was issued upon the amended information and the defendants were arrested thereunder.

A jury trial was had and the defendant C. J. Watson was convicted and sentenced to pay a fine of one hundred dollars and to be confined in the county jail of Hamilton County, Kansas, for a period of thirty days.   Kendall was acquitted.

Watson appeals to this court and alleges that the court below erred, *first*, in refusing to quash the warrant ; *second*, in the admission of incompetent and immaterial testimony and in compelling one of the defendants to testify in the case ; *third*, in giving erroneous and prejudicial instructions to the jury ; *fourth*, in refusing to give pertinent and proper instructions to the jury upon the request of the defendant ; *fifth*, in overruling the motion of the defendant for a new trial.

The counsel for appellant argue only the first, third and fourth assignments of error in their brief, and these are all we will consider.

I. An affidavit that the facts stated in an information are true and correct, is a positive verification of the information, and sufficient to sustain a warrant issued thereon.   Counsel for appellant contend that an affidavit that the *facts stated* are true is not equivalent to an affidavit that the *allegations* are true.   This seems to us a distinction without a difference.

THE STATE v. WATSON.        899

Nov. 19, 1897.      Opinion. Dennison, P. J.        W. Div.

II. A more serious question is raised in the third and fourth assignments of error. The court gave to the jury the following instructions:

"3. You are instructed that, in order to find the defendants or either of them guilty of the crime charged in the information under the statute above referred to, it will be necessary for you to find from the evidence, beyond a reasonable doubt, *first*, that the place referred to in the information was a place where intoxicating liquors were sold, bartered or given away, or where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors were kept for sale, barter or delivery, and that it was such place between the first day of September, 1895, and the time of filing this petition, namely, the eleventh day of May, 1896."

"6. You are instructed that there are three different things which may be done or permitted to be done, which would constitute such a place as that referred to in the statute. For instance, it may be a place where intoxicating liquors are sold, bartered or given away, or it may be a place where persons are permittted to resort for the purpose of drinking intoxicating liquors as a beverage, or it may be a place where intoxicating liquors are kept for sale, barter or delivery; any one of these ways of the doing or permitting to be done any one of these three things, will cause the place referred to, to be such a place as is contemplated by the statute."

"14. If you find from the evidence beyond a reasonable doubt that the defendants or either of them was a keeper of the place described in the information, and that at such place within the time described in the information, intoxicating liquors were sold, bartered or given away in a manner defined and described in this information, or persons were permitted to resort there, and did so resort there, for the purpose of drinking intoxicating liquors as a beverage, or that intoxicating liquors were kept there for sale, barter or delivery, and with the knowledge and consent of the defendants, then you should find the defendants guilty,

or if you find from the evidence that only one of them
was the keeper of the place, you should find him
guilty and acquit the other.   But if you find that the
State has failed to establish beyond a reasonable doubt
either that the defendants were the keepers of the
place, or that the place described in the information
was used as a place where liquors were sold, bartered
or given away, or for the people to resort thereat for
the purpose of drinking intoxicating liquors as a bever-
age, or that liquors were kept there for sale, barter or
delivery, between the first day of September, 1895, and
the eleventh day of May, 1896, then you should acquit
the defendants.''

The court refused to give the following instruc-
tions :

" 6.  No conviction can be had in this action on ac-
count of the place being described in the information
being found to be a place where persons were per-
mitted to resort for the purpose of drinking intoxi-
cating liquors, as a beverage, as the information does
not make that charge.''

" 11.  The jury are instructed that under the in-
formation in this case the defendants cannot be con-
victed for allowing persons to resort to the place
described in the information for the purpose of drink-
ing intoxicating liquors as a beverage.''

The language of the amended information is, " did
then and there unlawfully and wilfully sell, barter,
give away and keep for sale, barter, and use, intoxi-
cating liquors as a beverage, and said C. J. Watson
and James Kendall did allow persons to resort to the
above-described place for the purpose of drinking and
making a loud and boisterous noise in persistent and
habitual violation of the statute in that regard, to the
common nuisance of the people of the State of Kan-
sas.''

The language of the statute describing the offense

is found in paragraph 2533, General Statutes of 1889, and reads as follows :

" All places where intoxicating liquors are manufactured, sold, bartered, or given away in violation of any of the provisions of this act, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery, in violation of this act, are hereby declared to be common nuisances, . . . and the owner and keeper thereof shall upon conviction be adjudged guilty of maintaining a common nuisance, and shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, and by imprisonment in the county jail not less than thirty days nor more than ninety days.''

It has often been held by the Supreme Court that while it is not necessary in an information to use the exact words of the statute in charging an offense, yet other words conveying the same meaning must be employed.

In the case of *The State v. Lewis* (26 Kan. 130, 131), Chief Justice Horton, for the court, says :

"Although the accused might, with his knowledge of the transaction, well understand the offense for which he was arraigned, if the information had merely stated that at a certain time and place he defrauded, by false pretenses, the prosecuting witness of moneys and property to the amount of $330, yet such a statement in an information does not conform to the provisions of the statute, nor to the rules adopted in criminal pleadings, and is wholly insufficient. The pleader may always have the statute before him in drawing informations, and we see no reason for extending the rule further, than that while the exact words of the statute in charging the offense need not be used, other words conveying the same meaning must be employed, if the exact words of the statute be omitted. There is no good reason why an offense

charged in an information shall not be clearly set forth in plain and concise language according to the terms of the statute under which the information is drawn. To favor as liberal a construction of a criminal pleading as the District Court intimates may be done, would in fact open the door to a disregard of the statute, and overthrow all the recognized rules governing criminal proceedings.''

For the reasons above set out we must hold that the court erred in its instructions numbered 3, 6 and 14, given to the jury, and in refusing to give instructions 6 and 11 asked for by the defendant, and we are unable to say that the material interests of the defendant were not prejudiced thereby.

The judgment of the District Court is reversed, and the case remanded with instruction to grant the defendant Watson a new trial.